UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-CR-20194-DMM/Garber

UNITED STATES OF AMERICA,

v.

EDMOND DANTES,
a/k/a "Arnold Lewine,"

      Defendant.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE is before the Court by Order of Reference from United States District Judge Donald M. Middlebrooks.  Pursuant to such reference the Court has received the defendant Dantes' Motion to Proceed to Trial *Pro Se* [DE 21].  A hearing on said motion was held on May 28, 2015.  The defendant appeared with Assistant Federal Public Defender Sowmya Bharathi, who was standing in for AFPD R. D'Arsey Houlihan, Esquire, his attorney of record.  The government was represented by Assistant United States Attorney Cary Aronovitz.

### FACTUAL BACKGROUND AND DISCUSSION

The defendant was charged by Indictment with two counts of "willfully and knowingly making a false statement in an application for a passport with the intent to induce and secure the issuance of a passport under the authority of the United States, for the use of another, contrary to the laws regulating the issuance of passports and the rules prescribed pursuant to such laws, in that the defendant[:]" (1) "represented that 'L.F.M.' was the mother of 'K.G.M.,'" and (2) "represented himself to be the father of 'K.G.M.' when in truth and in fact, and as the defendant then and there well knew, neither was true, both in violation of Title 18, United States Code, Section 1542.

At the hearing the defendant acknowledged that he did not have knowledge of the Federal Rules of Evidence or the Federal Rules of Criminal Procedure. He understood the potential sentences that he could receive but nevertheless wished to represent himself at trial. He did not express dissatisfaction with the AFPD but wished to represent himself. He had previously represented himself in another case and was found guilty.

The defendant understood that he was waiving his right to be represented by counsel and was doing so freely, knowingly, and voluntarily. He appeared to be reasonably intelligent and understood the nature of these proceedings and the consequences of proceeding on his own behalf.

At the conclusion of the hearing the Court announced that it was denying the defendant's Motion**,** finding that he was ill-prepared to represent himself. However, upon further reflection, the Court is persuaded by the United States Supreme Court's ruling in *Faretta v. California*. 422 U.S. 806 (1975). Under *Faretta,* "forcing a lawyer upon an unwilling defendant is contrary to his basic right to defend himself if he truly wants to do so." *Id*. at 817. The Court's primary concern, as communicated to the defendant, is that his defense will suffer as compared with his being represented by counsel. However:

> where the defendant will not voluntarily accept representation by counsel, the potential advantage of a lawyer's training and experience can be realized, if at all, only imperfectly. . . . The right to defend is personal. The defendant, and not his lawyer or the State, will bear the personal consequences of a conviction. It is the defendant, therefore, who must be free personally to decide whether in his particular case counsel is to his advantage. And although he may conduct his own defense ultimately to his own detriment, his choice must be honored out of that respect for the individual which is the lifeblood of the law.

*Id*. at 834 (internal quotation marks and citation omitted). In the case of *Faretta*, the defendant there had declared to the trial judge, clearly and unequivocally, that he wanted to represent himself and

did not want an attorney. Faretta, much like the defendant in this cause, was literate, competent, and understanding, and was freely, knowingly, and voluntarily waiving his Sixth Amendment right to counsel. The Supreme Court in that case went on to state that it "need make no assessment of how well or poorly [the defendant] mastered the intricacies of [various] rules and . . . code provisions . . . . For his technical knowledge, as such, was not relevant to an assessment of his knowing exercise of the right to defend himself." *Id*. at 835. The *Faretta* Court reversed the lower courts' rulings which had forced the defendant to accept a court-appointed public defender, thereby vacating the judgment before it. In the instant matter, the Court finds that *Faretta* controls and therefore the defendant cannot be forced to accept counsel under the circumstances.

Thus, after further consideration, the Court vacates its *ore tenus* ruling made at the conclusion of the hearing.

## CONCLUSION AND RECOMMENDATION

For the reasons set forth above and based upon the Court's review of the record, and consideration of the submissions and argument of counsel and the defendant's testimony, the undersigned respectfully

RECOMMENDS that the defendant Dantes' Motion to Proceed to Trial *Pro Se* [DE 21] be GRANTED and that the Federal Public Defender appear at the trial as standby counsel only.

The parties have fourteen (14) days from the date of this Report and Recommendation within which to file written objections, if any, with United States District Judge Donald M. Middlebrooks. *See* 28 U.S.C. §636 (1991). Failure to file timely objections may bar the parties from attacking on appeal the factual findings contained herein. *LoConte v. Dugger*, 847 F.2d 745, 750 (11th Cir.), *cert. denied*, 488 U.S. 958 (1988).

RESPECTFULLY SUBMITTED at the United States Courthouse, Miami, Florida this 29th day of May 2015.

_____
BARRY L. GARBER
UNITED STATES MAGISTRATE JUDGE